Per Curiam.
We think the order should be affirmed. The employment by the defendant of the plaintiffs as brokers, to effect a lease of defendant’s premises to Merwin, Hulbert & Co., did not, under the most favorable view of the evidence, take place until on or about January 24, 1887. Prior to that date, and as early as January 9th, Merwin, Hulbert & Co. had examined the premises with a view to a lease, and had conferred with Goodale, ■the broker in charge, and also with the defendant, in reference to the alterations to the building then being made by the defendant. Neither Goodale nor the defendant, when these interviews took place, knew that the plaintiffs had directed the attention of Merwin, Hulbert & Co., to the property, and there is no pretense that prior to January 24, 1887, the defendant had, in any way, employed the plaintiffs to negotiate or effect a lease. Their letters to the defendant of the 14th and'17th of January, requesting him to call at their office, did not disclose that they were acting for Merwin, Hulbert & Co., and their request was not complied with.
Thereafter, on or about the 20th of January, one of the plaintiffs went to the house of the defendant and then for the first time, so far as appears, was the defendant apprised of the fact that the plaintiffs had procured Merwin, Hulbert & Co., to examine the premises. It is not claimed that there was any employment of the plaintiffs as brokers for the defendant on this occasion. It was not until a subsequent interview, on- or about the 24th of January, that anything was said between the plaintiffs and defendant justifying an inference of an employment of the former by the latter as brokers in the negotiation with Merwin, Hulbert & Co. There was no express employment of the plaintiffs at that time. But in the course of the conversation as to the term of the proposed lease, one of the plaintiffs, to meet the objection of the defendant to a five year’s lease, he desiring to make a lease for ten years, stated “ if they (M. H. & Co.,) take it for five years, you have a chance to try them and their business ; and another thing, the commission would be one-half (of what it would be) for ten years. *377 The commission is one per cent on five year’s lease.” The defendant replied, “ that is all right, but I don’t think I would like to rent it to them, because I don’t like their business.” This evidence probably justifies the inference of an agreement by the defendant to pay the plaintiffs commissions in case they succeeded in negotiating a lease with Merwin, Hulbert & Co. on terms satisfactory to the defendant. . The plaintiffs then produced and exhibited to the defendant a written proposition made on behalf of Merwin, Hulbert & Co. to take a lease of the premises for five years from May 1, 1887, at a rent stated. The defendant said he would consider it, and the interview ended.
Subsequently, and prior to January 31st, the plaintiffs “ tried to get Mr. Earle to tell us what he wanted to do and we could not get him to say what he would do.” On the 31st of January one of the plaintiffs called on the defendant and the evidence is that he expressed himself satisfied with the terms proposed, except that he insisted that the term should commence March 1st instead of May 1st. Afterwards, on the same day (January 31st), the plaintiffs addressed the defendant the following letter:
Hew York, January 31, 1887.

W. P. Parle, Psq., 12 Past Fifty-seventh Street, City:

Dear Sir.—We have seen Messrs. Merwin, Hulbert & Co. again and they say that their present lease does not expire until the first of May. After considerable talk on our part we have induced them to say that they would take your building, Ho. 26 West Twenty-third street, upon the terms proposed by them, and let the rent commence on the 15th of April. This, they say, is their best offer and they desire to hear from us at once your acceptance or rejection, as they have several other places in view. Trusting that you will give this your favorable consideration and send us an immediate reply, we remain,
Very truly yours,
Allen & Sterne.
On the receipt of this letter by the defendant, and on the same day, he replied:

Mesers. Alden & Sterne:

Dear Sirs.—Yours of to-day received and contents noted. The proposition you make for Messrs. Merwin, Hulbert & Co. for my building, 26 West Twenty-third street, on a term of five years lease, I most respectfully decline. The negotiation is now closed. ' Yours truly,
Vi. P. Earle.
Hew York, January 31, 1887.
The plaintiffs’ letter conclusively shows that they had failed to bring Merwin, Hulbert & Co. and the defendant to an agreement upon the point in difference. The defendant had a right, acting in good faith, to break off the negotiation with Merwin, Hulbert & Co., through the plaintiffs, at this point, and this was, we think, *378 the effect of the defendant’s peremptory declaration, accompanied "by the explicit statement that the “ negotiation is now closed.”
The plaintiffs on receiving the defendant’s reply to their letter" of the 31st of January exhibited it to Merwin, Hulbert & Co., and Mr. Hulbert testified: “I asked Mr. Alden if that was an end of the negotiation. He said “there is the letter; it seems to have come to an end; that is all we can do for it.” It is plain "that if Merwin, Hulbert & Co.’s relation to the property had terminated here, the plaintiffs would have no cause of action. They would not have earned their commissions, for the reason that they had not brought the parties to the proposed lease to an agreement.
The subsequent occurrences raise the only debatable question in the case. The plaintiffs after the 31st of January solicited the attention of Merwin, Hulbert & Co. to their property, which on examination proved not to be satisfactory. Mr. Hulbert then, without conferring with the plaintiffs, sought Mr. Goodale, the defendant’s broker in charge of the Twenty-third street store. His sign, “Premises to let; apply to Mr. Goodale,” was, and from the first had been, in the window. The interview between Mr. Hulbert and Mr. Goodale was a week or ten days subsequent to January 31. Mr. Goodale’s relation is as follows: “Mr. Hulbert called ou me subsequent to the 31st of January, to see if he could rent the store. He wanted to know if I could let him that store, Ho. 26 "West Twenty-third street; I told him I thought I could if his proposition was all right; he wanted to know what we wanted. I told him we wanted a proposition better than any he had made, and certainly as regards time, and he wanted to know what that was. I told him I thought if he would commence paying rent the 1st of April I could negotiate it. He said I might make a proposition to Mr. Earle’ to that effect. I did and Mr. Earle accepted it. I saw Mr. Hulbert again and closed the transaction, and the lease was executed. I drew the leases and they were executed at my office.”
It thus appears that the lease finally executed was in pursuance of a new negotiation commenced between Mr. Hulbert and Mr. Goodale, and that" then for the first time the parties are brought to an agrément. There was no communication between the defendant and the plaintiffs subsequent to January 31st, and prior to the execution of the lease.
The defendant was authorized to infer from the plaintiffs’ letter of January 31st that it contained the final proposition of Messrs. Merwin, Hulbert & Co., and there is no reason to suppose that he did not regard his rejection of the offer as a final termination of the negotiation. The new negotiation was commenced by Mr. Hulbert, who approached Mr. Goodale without any solicitation from anyone and without the knowledge of the plaintiffs. The point upon which the parties had previously differed was settled by a compromise, and the lease was executed. We think the facts bring the case within the rule declared in Sibbald v. Bethlehem Iron Co., 83 N. Y., 381. There is no pretence of "bad faith on the part of the defendant. The negotiations conducted by the: *379 plaintiffs may have contributed and undoubtedly did contribute to render more easy the agreement finally reached. But the compensation of the plaintiffs was contingent upon their effecting the leasing of the premises to Merwin, Hulbert & Co. It cannot be said, as matter of law at least, that they performed this condition.
The order granting a new trial should therefore be affirmed and judgment absolute rendered for the defendant on the stipulation, with costs.
All concur.